UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-11362-GAO

RAYMOND WILSON,
Plaintiff,

v.

IRMA TEVES; MARK F. DELANEY; KEVIN M. BURKE; MASSACHUSETTS STATE POLICE; STATE POLICE NORTH DARTMOUTH,
Defendants.

OPINION AND ORDER
August 28, 2012

O'TOOLE, D.J.

The defendants have moved to dismiss the plaintiff's claims for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

The civil cover sheet the plaintiff filled out when he filed his *pro se* complaint describes his claims as "civil rights, malicious prosecution." (Civil Cover Sheet (dkt no.1-2).) The form also indicates that the basis for jurisdiction in this court is "Federal Question." (Id.) Accordingly, I assume that his intention was to assert a cause of action under 42 U.S.C. § 1983.

His amended complaint appears to allege that Massachusetts State Trooper Irma Teves wrongfully charged him with various motor vehicle violations under Massachusetts law. Specifically, he alleges that "[a]s a direct and proximate result of actions by Teves, the plaintiff, then the defendant's[,] livelihood and liberty were severely affected when Teves wrongfully seized his driver's license." (Am. Compl. ¶ 9 (dkt. no. 17).) Despite the statement that his "liberty" was affected, it does not appear from the fact allegations of the complaint that he was ever arrested or put into custody.

The plaintiff alleges that Teves issued him thirteen traffic citations, instituted legal process against him in the form of two criminal complaints, and submitted a complaint to the Massachusetts Registry of Motor Vehicles ("RMV"). The plaintiff claims that Teves's actions caused him to suffer humiliation, emotional distress, and lost income; required him to appear in court on twenty-seven separate occasions to challenge the citations; and prompted the RMV, pursuant to RMV procedures, to suspend the plaintiff's driver's license for eight months. The plaintiff further claims that all thirteen charges ultimately terminated in his favor.

The First Circuit has "assume[d] without deciding" that a violation of the Fourth Amendment may be sufficient to ground an action for malicious prosecution under § 1983. Nieves v. McSweeney, 241 F.3d 46, 54 (1st Cir. 2001). However, to assert a viable claim on these grounds, a plaintiff must allege "a deprivation of liberty, pursuant to legal process, that is consistent with the concept of a Fourth Amendment seizure." Harrington v. City of Nashua, 610 F.3d 24, 30 (1st Cir. 2010). Here, the plaintiff alleges, among other things, that Teves's actions caused the plaintiff to suffer reputational harm, required him to make numerous court appearances, and prompted the RMV to suspend his license. However, the plaintiff does not allege harm consistent with the concept of a Fourth Amendment seizure. See Nieves, 241 F.3d at 55 (observing that "a seizure under Fourth Amendment jurisprudence is generally a discrete event, quintessentially an arrest, or at least a physical detention," and that "run-of-the-mill conditions of pretrial release do not fit comfortably within the recognized parameters of the term") (internal citations omitted). Accordingly, the plaintiff fails to allege facts sufficient to ground a malicious prosecution action under § 1983 on a Fourth Amendment violation.

Furthermore, the doctrine of qualified immunity shields Teves from liability for civil damages under § 1983. The doctrine of qualified immunity protects state actors performing

discretionary functions from civil liability for their conduct insofar as their actions do not violate clearly established constitutional rights. Mihos v. Swift, 358 F.3d 91, 102 (1st Cir. 2004). Here, as discussed above, the plaintiff fails to allege a violation of a constitutional right, let alone one that was clearly established at the time of Teves's conduct.

With respect to the defendants other than Teves, the claims appear to be based on the defendants' general supervisory authority over Teves, rather than on specific personal acts or omissions by them. General supervisory responsibility is not a basis for liability under § 1983. See Whitfield v. Melendez-Rivera, 431 F.3d 1, 14 (1st Cir. 2005). Moreover, because the plaintiff has failed to allege that Teves's conduct violated his constitutional rights, he similarly has no claims against these additional defendants. Finally, they, as well as Teves, would be entitled to qualified immunity.

For the foregoing reasons, the defendants' motions to dismiss (dkt. nos 10 and 20) insofar as they allege claims under § 1983 are GRANTED, and those claims are DISMISSED WITH PREJUDICE. To the extent the complaint alleges claims under Massachusetts state law, such as the tort of malicious prosecution, they are dismissed without prejudice to their assertion in an appropriate state forum.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge